UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONROE GILMORE,

                              CASE NO. 2:11-CV-10629
      Plaintiff,        JUDGE MARIANNE O. BATTANI
                              MAGISTRATE JUDGE PAUL J. KOMIVES

v.

GRAND TRUNK WESTERN RAILROAD
COMPANY, and/or CN, and/or CANADIAN
NATIONAL/ILLINOIS CENTRAL RAILROAD,

      Defendants,

                                /

### ORDER DEEMING RESOLVED IN PART, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APRIL 4, 2012 MOTION TO COMPEL DISCOVERY
### (Doc. Ent. 16)

**A.**    **Background**

Plaintiff Monroe Gilmore filed this Federal Employers' Liability Act (FELA)[1] lawsuit on February 16, 2011 against defendants Grand Trunk Western Railroad Company, CN and/or Canadian National/Illinois Central Railroad. Doc. Ent. 1.

Currently before the Court is plaintiff's April 4, 2012 motion to compel discovery. Doc. Ent. 16. Among the attachments to this motion are plaintiff's April 22, 2011 interrogatories (Nos. 1-7) to defendant (Doc. Ent. 16-2); plaintiff's April 22, 2011 request for production of documents (Nos. 1-88) (Doc. Ent. 16-3); defendant Grand Trunk Western Railroad Company's

---

[1] The FELA is codified at 45 U.S.C. §§ 51-60.

(GTW's) August 19, 2011 answers to plaintiff's interrogatories (Doc. Ent. 16-4) and defendant's August 19, 2011 responses to plaintiff's first requests for production (Doc. Ent. 16-5).[2]

Defendant GTW filed a response on April 17, 2012.  Doc. Ent. 19.  It is GTW's position that it "either properly objected to Plaintiff's written discovery requests and/or provided Plaintiff with proper substantive answers to the written discovery requests."

**B.    Discussion**

Judge Battani referred this motion to me for hearing and determination.  Doc. Ent. 17.  A hearing on this motion was noticed for May 7, 2012.  Doc. Entries 18, 20.  On the date set for hearing, attorneys Amy S. Brody and Joseph J. Santoro (OH) appeared.

During the hearing, counsel for the parties represented that several matters had been resolved.  Furthermore, I ruled in defendant's favor with respect to Interrogatory No. 3.

However, with respect to Interrogatory No. 4 and Request for Production of Documents Nos. 8 and 38, I ruled in part in plaintiff's favor.  For example, I stated that defendant must respond to these requests with certain limitations, such as to reasonable comparables regarding the type of injury and occupation.  I also stated that where the requests sought health information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the information should be provided anonymously.  In other words, defendant GTW shall respond to these interrogatories as rephrased here:

> **Interrogatory No. 4:** In an anonymous fashion, state with specificity every individual along with the date the railroad became aware that they had such disorders of any trackmen or welder's helpers employees who, within the three (3) years previous to Plaintiff's last day of work (November 18, 2009), developed

---

[2]Also attached to the motion is a January 17, 2012 letter from GTW's counsel to plaintiff's counsel (Doc. Ent. 16-6).

shoulder injuries, cumulative trauma disorder or overuse syndrome, along with any job modifications that were provided to said individuals.

**Request for Production No. 8:** Please produce any and all documents with respect to any FRA reportables or claims made by Defendant's trackmen or welder's helpers for complaints of shoulder injuries within the three (3) years previous to plaintiff's last day of work (November 18, 2009).

**Request for Production No. 38:** In an anonymous fashion, please provide Plaintiff with every employee of Defendant in the jobs of trackman or welder's helper who developed cumulative trauma disorder, overuse syndrome and/or shoulder injuries within the three (3) years previous to plaintiff's last day of work (November 18, 2009). In addition, please provide documentation as to what, if any, job modifications were provided to said individuals.

**C.     Order**

Accordingly, plaintiff's motion to compel discovery (Doc. Ent. 16) is DEEMED RESOLVED as to Interrogatory Nos. 1, 2, 5, 6 & 7 and Request for Production of Documents Nos. 16, 37, 43 & 50; DENIED as to Interrogatory No. 3; and GRANTED IN PART as to Interrogatory No. 4 and Request for Production of Document Nos. 8 & 38. Defendant GTW shall provide answers or responses to Interrogatory No. 4 and Request for Production of Document Nos. 8 & 38, as rephrased above, within thirty (30) days of the date of this order, unless objections thereto are filed.

Finally, plaintiff's counsel shall provide defense counsel with a proposed qualified protective order. If the parties are unable to agree upon the terms of such an order, they may request a telephone conference with me by contacting chambers.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: May 8, 2012          s/Paul J. Komives
         PAUL J. KOMIVES
         UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 8, 2012 electronically and/or by U.S. mail.

         s/Michael Williams
         Relief Case Manager for the Honorable
         Paul J. Komives